IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

U.␣␣␣␣␣␣␣␣ COURT

Kathy Ellerbee
CLERK

WILLIAM WRIGHT, EMMA A.D. BRANCH-)
DAVENPORT, LOREEN JACKSON,        )
CONSTANCE M. BURKES, and BISHOP   )
JOHN BURR,                        )
                                  )
        Plaintiffs,               )
                                  )
             v.                   )   Civ. No.
                                  )
CITY OF ALBANY, GEORGIA; TOMMY    )
COLEMAN, in his official capacity )   1:03-cv-148-1 (WLS)
as Mayor of the City of Albany;   )
JON HOWARD, HENRY MATHIS, ARTHUR  )
WILLIAMS, BO DOROUGH,             )
BOB LANGSTAFF, JR., and DAVID     )
WILLIAMS, in their official       )
capacities as members of the      )
Board of Commissioners of the     )
City of Albany; and CAROLYN       )
HATCHER, in her official capacity )
as Supervisor of Elections for    )
Dougherty County, Georgia,        )
                                  )
        Defendants.               )
                                  )

COMPLAINT

NATURE OF THE CASE

1.   This is an action brought under 42 U.S.C. § 1983 to enforce
rights guaranteed to plaintiffs by the equal protection clause of
the Fourteenth Amendment of the Constitution of the United States.
Plaintiffs seek declaratory and injunctive relief against further
use of the existing districts for the Board of Commissioners of
the City of Albany, Georgia, on the ground that they are
malapportioned in violation of one person, one vote.  Plaintiffs

further seek a court ordered plan that remedies the existing malapportionment and complies with Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. §§ 1973 and 1973c, so that the upcoming elections can go forward in a timely and lawful manner.

## JURISDICTION AND VENUE

2.   This Court has original jurisdiction over this case pursuant to Article III of the Constitution of the United States and 28 U.S.C. §§ 1331, and 1343(a)(3) & (4).

3.   This suit is authorized by 42 U.S.C. § 1983.

4.   Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.   Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.   Plaintiffs WILLIAM WRIGHT, EMMA A.D. BRANCH-DAVENPORT, LOREEN JACKSON, CONSTANCE M. BURKES, and BISHOP JOHN BURR, are residents and registered voters of Albany, Georgia, and reside in districts for the Board of Commissioners which are malapportioned on the basis of population and are underrepresented, and which will be affected by any court ordered redistricting.

7.   Defendant City of Albany is a political subdivision of the State of Georgia and as such is a body corporate under Georgia law subject to suit.  It was incorporated by an Act of the General

2

Assembly on December 27, 1838, and has operated under the commission-manager form of government.

8.   Defendant TOMMY COLEMAN is the mayor of the City of Albany. He is elected at large to serve a four year term.  He is sued in his official capacity.

9.   Defendants JON HOWARD, HENRY MATHIS, ARTHUR WILLIAMS, BO DOROUGH, BOB LANGSTAFF, JR., and DAVID WILLIAMS are members of the Board of Commissioners of the City of Albany, which in conjunction with the mayor, forms the governing body of the City of Albany. The defendants are sued in their official capacity.

10.  Defendant CAROLYN HATCHER is the Supervisor of Elections for Dougherty County and has general supervisory authority over elections in the county, including the City of Albany.  She is sued in her official capacity.

11.  The defendants, both personally and through the conduct of their agents, servants and employees, were and are acting under color of state law at all times relevant to this action.

FACTS

12.  The Board of Commissioners consists of seven members.  Six of the commissioners are elected from six single member districts, or wards.  The seventh, the mayor, is elected at- large.

13.  The Board of Commissioners is the governing body for the City of Albany, and as such, its members are required to be elected in

3

conformity with the Fourteenth Amendment of the Constitution of the United States.

14.  The existing wards for the Board of Commissioners were drawn based upon the 1990 census, and in light of the 2000 census are malapportioned.

15.  Based upon the 2000 Census, the ideal population for each ward is 12,823 people.  The existing wards possess a total deviation of 53.2% from ideal district size.

16.  The population and deviation from ideal size of each ward is as follows:

| Ward | 2000 Pop | Deviation |
|------|----------|-----------|
| 1 | 12730 | − .7 |
| 2 | 14609 | +13.9 |
| 3 | 9443 | −26.4 |
| 4 | 13283 | + 3.6 |
| 5 | 16256 | +26.8 |
| 6 | 10618 | −17.2 |

Total deviation: 53.2%

17.  Plaintiffs Branch-Davenport and Jackson are residents of Ward 1, which is overpopulated compared to Wards 3 and 6.

18. Plaintiff Wright is a resident of Ward 4, which is over-populated compared to Wards 1, 3, and 6.

19.  Plaintiff Burkes is a resident of Ward 5, which is over-populated compared to Wards 1, 2, 3, 4, and 6.

20. Plaintiff Burr is a resident of Ward 6, which is over-

populated compared to Ward 3.

21.  All plaintiffs will be affected by any redistricting to comply with one person, one vote.

22.  The City of Albany has the duty under state and federal law to redraw the districts for the Board of Commissioners every ten years based upon a true and correct enumeration of the city's inhabitants.

23.  The City of Albany is subject to the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, and legislative redistricting for the Board of Commissioners cannot take effect and is unenforceable as law without either administrative preclearance from the United States Department of Justice, or a judgment from the U.S. District Court for the District of Columbia declaring that the redistricting "does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color."

24.  General elections for the Board of Commissioners are scheduled for November 4, 2003.

25.  Candidates seeking to participate in the upcoming elections must file their notice of candidacy no later than 4:30 p.m. on September 12, 2003.

26.  The Board of Commissioners signed a resolution that approved a redistricting plan for the Board of Commissioners based upon the

2000 Census.

27.  This plan was submitted to the Department of Justice for preclearance in 2001.  On September 10, 2001, the Department of Justice sent the City of Albany a letter requesting additional information.

28.  The City of Albany responded to the Department of Justice's request for additional information on July 23, 2002.

23.  The Department of Justice issued a letter on September 23, 2002, denying preclearance to the city's proposed redistricting plan.

29.  The City of Albany then submitted another plan to the Department of Justice in 2003.

30.  Thereafter, the Department of Justice sent the City of Albany a letter requesting additional information.

31.  The City of Albany announced in September 2003, that it had withdrawn its submission to the Department of Justice and will hold its 2003 elections under the existing malapportioned plan.

32.  Despite having had an adequate opportunity to do so, the City of Albany has failed to enact legislation redistricting the single member districts for the Board of Commissioners that has been precleared either by the Department of Justice or the District Court for the District of Columbia.

33.  The defendant members of the Board of Commissioners who are

6

elected from districts are holding office pursuant to a malapportioned, unconstitutional districting plan, and defendants intend to hold elections under the malapportioned plan unless enjoined by this Court.

CLAIM ONE

34. Further use by defendants of the existing malapportioned wards for the Board of Commissioners violates rights guaranteed to plaintiffs by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

RELIEF

35. A real and actual controversy exists between the parties.

36. Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

37. Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, plaintiffs respectfully pray that this Court:

(1) take original jurisdiction over this case;

(2) enter a declaratory judgment that further use by defendants of the existing wards for the Board of Commissioners violates rights guaranteed to plaintiffs by the Fourteenth Amendment of the Constitution of the United States;

(3)    enter a permanent injunction prohibiting any further use of the existing districts for the Board of Commissioners;

(4)    commence proceedings to draft and implement a new redistricting plan in time for the 2003 elections that complies with one person, one vote and Sections 2 and 5 of the Voting Rights Act;

(5)    award plaintiffs the costs of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973*l*(e); and,

(6)    retain jurisdiction of this action and grant plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for the Board of Commissioners.

Respectfully submitted,

LAUGHLIN McDONALD (#489550)
MEREDITH E. B. BELL (#048948)
NEIL BRADLEY
American Civil Liberties Union
   Foundation, Inc.
2725 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 523-2721
(404) 653-0331 (fax)

ATTORNEYS FOR PLAINTIFFS